UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   <u>NOT FOR PUBLICATION</u>

ALONZO DEAN SHEPHARD,

<u>MEMORANDUM</u>
Plaintiff,                    <u>AND ORDER</u>
-against-                                              10-CV-0423 (CBA)

CBS President & Paramount Studios;
NANCY TELLEM; KATIE COURIC &
Nightly News; JULIE CHENE & Early Show;
CNN ANDERSON COOPER & 360 News Show;
CBS Lessley Stals & 60 Minutes; ANDREA
CAMBERN & Ch 10 TV,

Defendants.
----------------------------------------------------------------x
AMON, United States District Judge:

On January 15, 2010, plaintiff Alonzo Dean Shephard, currently incarcerated at the Southern Ohio Correctional Facility in Ohio, commenced this *pro se* action against defendants alleging violations under 42 U.S.C. § 1983. He seeks over $600 billion in damages and injunctive relief. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. The complaint is dismissed for the reasons set forth below.

<u>Background</u>

The complaint is difficult to decipher. To the extent the Court can discern the nature of his complaint, it appears that plaintiff has sent correspondence and documents to the defendants, various news media organizations and personalities, none of which have been returned to him. Plaintiff also appears to allege that defendants are involved in a conspiracy with unnamed state and federal officials to violate his rights while incarcerated in Ohio.

Discussion

A. Standard of Review

The Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory" – that is, when it lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted). As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the Court must construe the complaint liberally and interpret the pleadings "to raise the strongest arguments that they suggest". Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

B. Section 1983

In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (also known as the "state action" requirement of § 1983). This requirement excludes from the reach of § 1983 private conduct, "however discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell,

13 F.3d at 547.

Even if the Court were able to decipher plaintiffs' claims, none of the defendants are state actors as required for liability under 42 U.S.C. § 1983; see generally Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 156-60 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172-75 (1972). Accordingly, plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 are not cognizable and must, therefore, be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, to the extent that plaintiff alleges that the defendants have failed to return plaintiff's documents and correspondence, this claim does not rise to the level of a constitutional violation. Finally, to the extent that plaintiff alleges conspiracy claims against defendants, these allegations are conclusory and vague, and are accordingly dismissed. Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983); see also Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis status* is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       March 5, 2010

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge